IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TINISHA D. PRESTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:09CV485-SRW |
| | ) | (WO) |
| MICHAEL J. ASTRUE, Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

In this Social Security appeal, the court entered judgment reversing the decision of the Commissioner and remanding this case for further administrative proceedings. This action is presently before the court on plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). (Doc. # 23). Under the EAJA, the court is required to award attorney's fees to the prevailing plaintiff in a Social Security appeal "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). See also Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002). The Commissioner objects to any award of fees, arguing that his position was "substantially justified." (Doc. # 25).

"The government's position is substantially justified under the EAJA when it is 'justified to a degree that would satisfy a reasonable person' – *i.e.* when it has a reasonable basis in both law and fact." United States v. Douglas, 55 F.3d 584, 588 (11th Cir. 1995)

(quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)).  "The government bears the burden of showing that its position was substantially justified." U.S. v. Jones, 125 F.3d 1418, 1425 (11th Cir. 1997)(citation omitted); see also U.S. v. Aisenberg, 358 F.3d 1327, 1339 n. 18 (11th Cir. 2004)(observing that 28 U.S.C. § 2412(d) "also contains this burden of proof: the United States must show that its position was 'substantially justified or that special circumstances make an award unjust,' when defending an application for attorney's fees.").

It has long been the law of this circuit that "[t]he ALJ must clearly articulate the reasons for giving less weight to the opinion of a treating physician, and the failure to do so is reversible error." Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997)(citations omitted); see also Wiggins v. Schweiker, 679 F.2d 1387, 1390 (11th Cir. 1982)("The ALJ's opinion, thus, not only fails to mention the appellant's treating physician and the weight, if any, the ALJ gave to the treating physician's evidence and opinion, but also strongly suggests that the ALJ did not accord the opinion of the appellant's treating physician the weight required by law.  At the very least, we are unable to determine whether the ALJ applied the proper legal standard and gave the treating physician's evidence substantial or considerable weight or found good cause not to do so.  If we are to provide the parties with any sort of meaningful judicial review, we must be able to ascertain whether the ALJ correctly followed the law.  Unable to divine this from the ALJ's opinion, we must reverse the district court and remand the case for reconsideration by the ALJ, who should evaluate all the evidence according to the respective weight required by law and should render a decision that will

provide reviewing courts with the basis for determining that he applied the correct legal standards."). The Eleventh Circuit continues to require that the Commissioner's decisions reflect compliance with this legal standard. In <u>Winschel v. Commissioner of Social Security</u>, ___ F.3d ___, 2011 WL 198372 (11th Cir. Jan. 24, 2011), the court stated:

> In this case, the ALJ referenced Winschel's treating physician only once, and that reference merely noted that Winschel saw the doctor monthly. The ALJ did not mention the treating physician's medical opinion, let alone give it "considerable weight." Likewise, the ALJ did not discuss pertinent elements of the examining physician's medical opinion, and the ALJ's conclusions suggest that those elements were not considered. It is possible that the ALJ considered and rejected these two medical opinions, but without clearly articulated grounds for such a rejection, we cannot determine whether the ALJ's conclusions were rational and supported by substantial evidence. Accordingly, we reverse. On remand, the ALJ must explicitly consider and explain the weight accorded to the medical opinion evidence.

<u>Id</u>. at *2.[1]

In this case, the ALJ's analysis was flawed in a number of respects. Among them was his failure to consider the June 2007 opinion of plaintiff's treating physician that plaintiff's condition substantially reduced her ability to work and would continue to do so for more than six months. As the court noted in its Memorandum of Opinion, the ALJ did not even *mention* this opinion (Exhibit 9F) in his decision. (<u>See</u> Doc. # 21 at pp. 13-14). As is amply demonstrated above, this error alone required reversal. In arguing now that "the ALJ's assessment of conflicting medical source opinions as to Plaintiff's mental functioning had

---

[1] As in <u>Winschel</u>, the ALJ's decision in this case also "did not discuss pertinent elements of the examining physician's medical opinion, and the ALJ's conclusions suggest that those elements were not considered." <u>Id</u>.; <u>see</u> Memorandum of Opinion, Doc. # 21, at n.3 (explaining that the ALJ "did not discuss or analyze Dr. Rogers' conclusion . . . that 'nothing in [plaintiff's] history suggests that she has ever functioned above the level of Mild Mental Retardation'").

a reasonable basis in law and fact," the Commissioner continues to ignore this opinion of plaintiff's treating physician (see Commissioner's response, Doc. # 25, pp. 12-14). The Commissioner cannot persist in his argument that the ALJ's decision had a reasonable basis in law in the face of decades of binding Eleventh Circuit case law,[2] and he cannot carry his burden of demonstrating substantial justification by pretending that the record is other than as it is. There being no substantial justification for the government's position,[3] the plaintiff is entitled to an award of fees under the EAJA.

The plaintiff seeks fees in the amount of $3,021.74. The Commissioner does not challenge any of the hours expended by counsel as unreasonable nor does he challenge the hourly rate. The court concludes that the amount of fees sought is reasonable. Upon consideration of the motion, and for good cause, it is

ORDERED that the motion for attorney's fees (Doc. # 23) is GRANTED and the plaintiff is AWARDED fees in the amount of $3,021.74, payable to plaintiff's attorney, Felice Ann S. Goldstein, subject to any right of offset the government may have under

---

[2] Plaintiff argued, in her brief in support of her appeal, that the ALJ "committed . . . reversible error by according greater weight to a non-examining physician . . . than to the treating physician at Montgomery Area Mental Health in Exhibit 9F[.]" (Doc. # 15, pp. 9-10). The Commissioner did not acknowledge or address this argument in his responsive brief in support of his decision. (See Doc. # 16).

[3] The position which must be substantially justified to avoid an award of EAJA fees includes, "in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. 2412(d)(2)(D); see also Commissioner, I.N.S. v. Jean, 496 U.S. 154, 159 (1990)("position" of the United States "may encompass both the agency's prelitigation conduct and the Department of Justice's subsequent litigation positions"). The Commissioner has not established that his position was substantially justified at the hearing decision, the Appeals Council review or before this court; to carry his burden in opposing the present motion, he must demonstrate a reasonable basis in fact and law at all of these stages of the proceedings.

31 U.S.C. § 3716 by virtue of any debt plaintiff may owe to the United States.[4]

DONE, this 28th day of February, 2011.


/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE

---

[4] See Plaintiff's assignment of EAJA fees, attached to Doc. # 23.  Contrary to the Commissioner's argument, the court does not read Astrue v. Ratliff, 130 S.Ct. 2521 (2010) to preclude honoring an assignment of fees to the attorney, subject to the government's right to offset any applicable federal debt owed by the plaintiff.